SCHIFFMAN LAW OFFICE, P.C.
HELPING THE INJURED AND DISABLED SINCE 1975

Lisa Counters, 016436
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 266-2667
Fax: (602) 266-0141
Lisa@Schiffmanlaw.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Todeschi,<br><br>                            Plaintiff,<br>vs.<br><br>Hartford Life and Accident Insurance Company; Scottsdale Healthcare Hospitals dba HonorHealth Long-Term Disability Plan,<br><br>                          Defendants. | No.<br><br>**COMPLAINT** |

For his claim against Defendants, Brian Todeschi ("Todeschi") alleges as follows:

**JURISDICTION AND VENUE**

1. Todeschi is a resident of Maricopa County, Arizona.

2. Defendant Hartford Life and Accident Insurance Company ("Hartford") is an insurance company incorporated in Delaware, with its principal place of business in Hartford, Connecticut. Hartford is authorized to do and does business in Maricopa County, Arizona.

3. Defendant Scottsdale Healthcare Hospitals dba HonorHealth Long-Term Disability Plan ("Plan") is a purported ERISA benefit plan established and maintained by Scottsdale Healthcare Hospitals dba HonorHealth ("HonorHealth") for the benefit of its employees and provides long-term disability benefits ("LTD").

4. This Court has jurisdiction over the Plan pursuant to ERISA 29 U.S.C. § 1132, and because the Plan and Hartford have caused events to occur in Arizona out of which Todeschi's claims arise.

5. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 2201-02 (declaratory judgments).

6. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

7. Hartford provided certain employees with LTD benefits pursuant to the Plan.

8. HonorHealth is the plan administrator and a plan fiduciary as those terms are defined by ERISA sections 29 U.S.C. § 1102(a)(2) (fiduciary) and 29 USC §1002(A)(16) (administrator).

9. Hartford is the Claim Administrator and is a Plan Fiduciary for the Plan as those terms are defined by ERISA.

10. The Plan's benefits are funded through the purchase of an insurance policy from Hartford to Scottsdale Healthcare Hospitals dba HonorHealth Long-Term Disability Plan. Hartford first issued Policy number GLT-402960 to Scottsdale Healthcare Hospitals dba HonorHealth with an effective date of coverage of January 1, 2016 ("Policy"). The Policy renews annually on January 1.

11. HonorHealth did not provide a summary plan description to any covered employees.

12. The Policy, referred to as the "Group Long Term Disability Insurance Policy" is the only document that constitutes the Plan's written instrument under 29 U.S.C. § 1102(a)(1).

13. Hartford pays any LTD claim and also makes any determinations with respect to any HonorHealth employees' LTD claims.

14. Under the terms of the Policy, Todeschi is entitled to benefits for the first two years when if he is unable to perform the essential duties of his occupation and he is not earning more than 80% of his prediability earnings indexed for inflation.

15. After two years, the Policy defines disability as the inability to work in any occupation. The Policy defines any occupation as "any occupation for which You are qualified by education, training or experience, and that has an earnings potential greater than the lesser of: 1) the product of Your Indexed Pre-disability Earnings and the Initial Benefit Period Percentage; or 2) the Maximum Monthly Benefit."

16. Todeschi does not have a complete copy of the Policy or Plan documents, therefore, it is unclear whether the Policy contains discretionary language.

17. There is no evidence in the Policy that the Plan Administrator, HonorHealth, possesses discretion or the ability to delegate discretion. Even if Hartford reserved discretion, there is no evidence that HonorHealth delegated discretion to Hartford.

18. Without proper evidence of a grant of discretion from HonorHealth, this claim should be reviewed *de novo*.

## COUNT I
## RECOVERY OF INSURANCE AND PLAN BENEFITS

19. Todeschi incorporates and realleges all previous allegations.

20. At all relevant times, Todeschi was an HonorHealth employee, became a covered individual under the Plan and the Policy, and remained continuously employed until his disability rendered him unable to work in his regular occupation as a Supply Chain Coordinator/Analyst Perioperative Operations on February 15, 2016.

21. Todeschi timely submitted a claim for LTD benefits.

22. Todeschi claimed disability for crushing injury of his lower leg, chronic deep vein thrombosis, pulmonary embolism, Type 2 Diabetes, and vascular lower extremity claudication.

23. HonorHealth paid Todeschi own occupation benefits from August 15, 2016 through May 21, 2018.

24. During this time HonorHealth concluded Todeschi was unable to perform his job as a Supply Chain Coordinator/Analyst Perioperative Operations, which it categorized as a light occupation, despite the fact that the job requirements were consistent with a medium level occupation.

25. Todeschi remains disabled as defined by the Policy from any occupation for which he is qualified based on education, training or experience and for which he could earn 60% of his pre-disability earnings.

26. Todeschi remains unable to perform the material and substantial duties of his occupation including the following duties:

- Working a regular, 40-hour work week;
- Walking or standing for more than 2.5 hours total per day;
- Sitting for more than 2.5 hours per day;
- Unable Push/pull/lift/carry any weight due to being 100% dependent on a cane for ambulation; and
- Use of his hands for repetitive movement is limited to 2.5 hours per day.

27. The Policy requires Todeschi to apply for and pursue Social Security Disability Benefits. Todeschi was approved for SSDI benefits effective August 2016.

28. The Social Security Administration ("SSA") defines disability as the "inability to perform any substantial gainful activity" which is the "inability to perform significant physical or mental activities" and the inability to earn $1,220 (as of 1/1/2019) per month.

29. The Hartford closed Todeschi's claim on May 22, 2018, indicating that benefits would not be paid beyond that date.

30. Todeschi submitted his appeal on February 1, 2019.

31. Hartford issued the final denial on March 22, 2019.

32. Todeschi provided proof of his debilitating medical conditions. In addition, Todeschi provided Hartford with completed attending physician statements, a functional capacity evaluation and extensive medical records that support his disability. Todeschi became disabled on February 15, 2016 and remains unable to perform the duties of his occupation or any other occupation for which he is qualified based on education, training or experience and for which he could earn 66 2/3% of his Indexed Predisability Earnings.

33. Todeschi contends that the discretionary language in the policy is invalid and Todeschi's claim should be reviewed *de novo*.

34. If the Court determines the discretionary language is valid, Hartford's inherent conflict of interest impacted its decision in this matter and that the Court should reviewed with heightened skepticism.

35. Todeschi has satisfied the jurisdictional prerequisites to filing a claim in federal court and has exhausted any available administrative remedies.

36. Hartford's denial of Todeschi's LTD benefits was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence and was clearly erroneous. Evidence of Hartford 's conflict includes, but is not limited to:

a) Relying on the opinion of a non-examining physician who only reviewed Todeschi's records and rejected, without explanation, the opinions of examining physicians and other medical professionals.

b) Relying on the opinion of a non-examining physician who routinely provides Hartford and others review companies and insurers with predictable opinions about a claimant's ability to perform the duties of a sedentary job.

c) Concluding that Todeschi was able to physically perform a sedentary occupation without considering whether he has the cognitive capacity to perform any occupation

and the ability to be a reliable employee who would not miss more than one day of work per month.

d) Cherry-picking evidence that supports the denial, rather than giving equal weight to evidence that supports payment of the claim.

e) Securing opinions during the appeal that raised new bases for denying the claim and not providing Todeschi to address the issues raise.

f) Equating Todeschi's presentation as not being "in acute distress" as suggesting he was not having pain, discomfort, or other conditions.

g) Ignoring the conclusions of the functional capacity evaluation provided by Todeschi.

37. Todeschi is entitled to 60% of his Predisability Earnings after SSDI offset in the amount of $335.47 from May 22, 2018 through May 21, 2020. In May 2020 Todeschi's dependent child benefits end due to his child reaching majority and Hartford's obligation increases to $1,127.47. He is entitled to the $1,127.47 through his Social Security Normal Retirement Age (67).

38. Pursuant to the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Todeschi is entitled to recover all benefits due under the terms of the Plan, and to enforce her rights under the terms of the Plan. Pursuant to 29 U.S.C. § 1132(g), Todeschi is entitled to recover his attorneys' fees and costs incurred herein from HonorHealth and the Plan.

39. Todeschi is entitled to prejudgment interest at the highest legal rate on the benefits to which he is entitled pursuant to A.R.S. § 20-462.

WHEREFORE, Todeschi prays for entry of judgment against Defendants as follows:

A. For all past benefits due Todeschi under the terms of the Plan;

B. For an award of Todeschi's attorneys' fees and costs incurred herein;

C. For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

D.  For such other and further relief as the Court deems just and reasonable.

Dated this 22nd day of October 2019

                                  SCHIFFMAN LAW OFFICE, P.C.

                                  By: /s/ Lisa J. Counters
                                       Lisa J. Counters

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET ♦ (602) 266-2667
PHOENIX, AZ 85014